IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **BENNETT ON-SITE SERVICES, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00053-O-BP |
| § | |
| **VESTAS-AMERICAN WIND** § | |
| **TECHNOLOGY, INC.,** *et al.***,** § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Joint Motion to Stay all Proceedings Pending Arbitration filed by Plaintiff Bennett On-Site Services, LLC ("Bennett") and Defendants Vestas-American Wind Technology, Inc. ("Vestas") and Euler Hermes North America Insurance Company, LLC (sued in this case as Euler Hermes North American Insurance Company) ("Euler Hermes"). ECF No. 11. In the Motion, the parties jointly request that the Court suspend all current deadlines and stay the case pending the conclusion of arbitration proceedings between Bennett and Vestas. After considering the Motion and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Joint Motion to Stay all Proceedings Pending Arbitration (ECF No. 11), stay all deadlines and scheduling conferences until September 16, 2022, and instruct the Clerk of Court to administratively close this case until further order of the Court.

In the Motion, the parties seek a stay of pending deadlines until the conclusion of arbitration proceedings between Bennett and Vestas that will determine Bennett's right to foreclose on its lien claim. ECF No. 11 at 3. The parties request that the stay continue until September 16, 2022, which

is sixty days after the commencement of the final hearing for the arbitration. *Id.* The parties do not ask the Court order them to arbitrate. *Id.* They do agree to be bound to the results of the arbitration, subject to 9 U.S.C. § 10 and subject further to the limitation that "Euler Hermes agrees only to be bound as to the factual findings and, by doing so, does not waive its rights or defense in this matter." *Id.*

The legal authority cited in the Motion supports the request of the parties. *Id.* at 2-3. And the request to stay the case pending arbitration is in accordance with 9 U.S.C. § 3. For good cause shown, and noting that the parties agree to the Motion, the undersigned concludes that Judge O'Connor should grant the Motion.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Joint Motion to Stay all Proceedings Pending Arbitration (ECF No. 11), stay all deadlines and scheduling conferences until September 16, 2022, and instruct the Clerk of Court to administratively close this case until further order of the Court. Judge O'Connor also should order the parties to file a joint status report on the earlier of (1) ten days after they resolve the claims at issue in this case or (2) September 16, 2022.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on August 12, 2021.

                                                     Hal R. Ray, Jr.
                                                     UNITED STATES MAGISTRATE JUDGE